HowÉnx,, J.
Zenon Labauve, not a party to the suit below, has taken this appeal as a mortgage creditor of the defendant, in her individual capacity, alleging that he is aggrieved by the judgment herein in favor of the plaintiffs. He assigns for error, apparent on the face of the petition and judgment, that the allegations of the petition do not authorize the judgment decreeing a tacit mortgage against the defendant as their tutrix.
*514 The petition alleges that the plaintiffs are the children and heirs of A. Woolfolk; that the defendant qualified as testamentary executrix of the last will of their father; that she qualified as their natural tutrix before she became executrix; that as executrix she received property and money belonging to the estate amounting to $212,637 94, which was subject to the payment of the debts due by their father at his death, on 10th February, 1847; that after their payment, she was entitled to hold half of the remainder as owner and the other half as usufructuary during her life or widowhood; that she has never rendered any account of her administration of said estate, which is still in her hands; that she has received and disposed of large revenues at her pleasure, and held all the property of said estate, belonging to petitioners as usufructuary, until recently, when her creditors seized and sold her usufructuary rights in particular property; and it prays, that the executrix be ordered to render a true and faithful account of her administration, showing what debts existed and what have been paid; that petitioners be declared the owners of one undivided half of the property; that in default of rendering the account, the executrix be condemned to pay them the one undivided half of the money received by her, belonging to the estate of A. Woolfolk, to-wit: the sum of $43,007 50, and that their legal mortgage be recognized and enforced, dating from the 20th February, 1847, the date of her appointment as their tutrix.
The only question for us to solve is, whether or not the allegations of the petition authorized the recognition of the mortgage in favor of minors.
The suit is against the defendant as executrix for an account of her administration of the estate of the deceased, in order to ascertain the residuum to which the plaintiffs are entitled — to learn what is in her hands as executrix belonging to them — to fix the amount of their interest or their share in the estate, while they admit that she is entitled to hold that share or portion as usufructuary, during her widowhood, and they do not allege that the usufruct has expired.
The effect of granting their demand under their allegations would simply be to close the administration by the executrix, and fix the amount in her hands as usufructuary. It is only where property or funds are received in the capacity of tutor that the mortgage attaches and it is not alleged in this case that the defendant ever received or held anything as tutrix.
In the case of Heirs of Wells v. Heirs of Cuny et als,, 4 L. 489, which was a suit for an account of administration, it was held that the judgment should be confined to the general aocount of the administration of the estate, and judgment given against the executor (who was also tutor) for the balance which might appear due, upon which execution should not issue; and that of the amount so ascertained, the succession would be considered as owner, and the heirs would be entitled to such portions of it as, on a settlement of their particular accounts with the tutor, might appear due. This settlement is necessarily subsequent to the judgment against the party as executor. In this case it is not alleged even that the defendant owes the plaintiffs an account as tutrix, or that she has made any disbursements for them.
*515 In the case of Bry, under-tutor, v. Dowell, executor, 1 R. 113, it was said that the accountability of the defendant to the minor heir, as executor, should be finally determined before he enters upon his administration as tutor, which is to last until the majority of his ward. In the case before us, we are informed that the accountability of the defendant as executrix is not only not determined, but not sought to be determined, until after the majority of the heirs and the‘plaintiffs being majors must recover from the executrix, and not from the tutrix. What might have been the rights of the plaintiffs under different allegations it is unnecessary to surmise.
The prayer for the mortgage, does not supply the defect in the petition, not being analogous to the nature of the action to which the plaintiffs have resorted. O. P. 172, No. 5.
After mature consideration we have come to the conclusion that the judgment granting the mortgage in this case can have no effect against the appellant, who was a judicial and conventional mortgagee of tho defendant prior to these proceedings.
It is therefore ordered that so much of the judgment appealed from as decrees that the plaintiffs herein have and had a legal mortgage on all the immovable property of Mrs. Emily Woolfolk, as security for the payment of the amount of the said judgment, dating from the twentieth day of February, 1817, the date of defendant’s appointment as tutrix, be set aside, annulled and reversed as to the appellant, Zenon Labauve. The appellees to pay costs of appeal.
Mr. Justice Labauve, being the appellant, took no part in this decision.
Rehearing refused.